except as to the measure of damages. He said that he had understood it had obtained in practice here, as it respected bonds for the conveyance of lands, to give the value of the land at the time of the judgment, both as to the improvements and ordinary increase of value. In this case he could not see any distinction, as to the measure of damages, between a bond for the conveyance of land and a covenant to warrant. It was not so important what the law was, as that it should be uniform. The people have understood this to be the law as to bonds; and they would naturally understand the same thing as to deeds. For the present he was not disposed to disturb this impression. He supposed the ground on which courts and juries have heretofore gone was that it was considered the seller should put the purchaser in as good a situation as if the contract had been complied with.
Verdict for the plaintiff $1,100.
Upon arguing a rule for a new trial, Haywood said the Court had misdirected the jury as to the plea of plene administravit, that the onus probandi lay on the defendant. He said that plea admitted something was due, but was not a virtual confession of assets; on this plea the burden of proof as to assets lies on the plaintiff; and for this he relied on *Page 391 
Peake, Ev. 348; 3 Term Rep. 688; 2 Esp. N. P. 263; Bull. N. P. 140; 2 Bl. 1005.
The Court, for the purpose of having this point settled, granted a new trial so as to give an opportunity for further investigation; and inclined in favor of Haywood's argument.
ORIGINAL NOTE. — It appears from 1 Johns. 277; 3 Wil. ed. Bac. Ab. 80; 1 Bay, 463, that on the plea of plene administravit theonus probandi lies on the defendant.